1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2

3  Name  DOSS,  Jimmie  L.

4     (Last)        (First)      (Initial)

5  Prisoner Number  # 200700 40.34

6  Institutional Address (M.D.F)  901 Court Street

7           Martinez, Calif 94553

8  ══════════════════════════════════════

9  **UNITED STATES DISTRICT COURT**

   **NORTHERN DISTRICT OF CALIFORNIA**

10  Jimmie L. Doss, Jr.

11  (Enter the full name of plaintiff in this action.)  **CV  07  6484**

12           vs.  Case No. _____  **MJ**

   (To be provided by the clerk of court)

13  (Sheriff): Warren Rupf.

14  (Capt): K. Parker )  **COMPLAINT UNDER THE**

   **CIVIL RIGHTS ACT,**

15  Deputy: Clawson  **42 U.S.C §§ 1983**

16  Sheriff Department (et.al)  " Jury Trial " **(PR)**

17  (Enter the full name of the defendant(s) in this action))  Demanded.

18  *[All questions on this complaint form must be answered in order for your action to proceed..]*

19  I.   Exhaustion of Administrative Remedies

20     [**Note:** You must exhaust your administrative remedies before your claim can go

21     forward. The court will dismiss any unexhausted claims.]

22     A.   Place of present confinement  Martinez Detention Facility

23     B.   Is there a grievance procedure in this institution?

24           YES ( )    NO (X)

25     C.   Did you present the facts in your complaint for review through the grievance

26     procedure?

27           YES (X)   NO ( )

28     D.   If your answer is YES, list the appeal number and the date and result of the

1  appeal at each level of review. If you did not pursue a certain level of appeal,

2  explain why.    *"DEPRIVED of GRIEVANCE"*

3  1. Informal appeal *THAT'S PART of CLAIM #2*

4  *SEE ATTACHED CLAIMS)*

5  _____ 2. First

6  formal level    *" NO" LEVEL (6) - Do To official6)*

7  *obstruction of Grievance process By*

8  *DECEPTION of Documents (SEE EXHIBIT #A)*

9  *ATTACHED*  3. Second formal level_____

10  _____

11  _____ 4 Third

12  formal level _____

13  _____

14  _____

15  E.  Is the last level to which you appealed the highest level of appeal available to

16  you?

17  YES ☒  NO ( )

18  F.  If you did not present your claim for review through the grievance procedure,

19  explain why. *OFFICER(S) ARE utilizing Request slips as*

20  *FAKE GRIEVANCE forms THAT ARE NOT logged IN*

21  *BUT ARE ACKNOwledged AND ANSWERED By state*

22  II.  Parties  *officials; (SEE EXHIBIT #(A).)*

23  A.  Write your name and your present address. Do the same for additional plaintiffs,

24  if any.

25  *Timmie L. Doss, JR. #2007004034*

26  *901 Court Street*

27  *Martinez, Calif. 94553*

28  B.  Write the full name of each defendant, his or her official position, and his or her

COMPLAINT        - 2 -

1  place of employment.

2  DEPUTY: CLAWSON #67035. (M.D.F)

3  SHERIFF: WARREN RUPF (M. D.F) P.O. BOX 391 MARTINEZ. CA. 94553

4  Captain: K. PARKER (M.D.F)

5  SHERIFF DEPARTMENT (MARTINEZ)

6  1000 WARD STREET / MARTINEZ, CA 94553.    III.

7  Statement of Claim

8      State here as briefly as possible the facts of your case. Be sure to describe how each

9  defendant is involved and to include dates, when possible. Do not give any legal arguments or

10  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11  separate numbered paragraph.

12  PETITIONER ALLEGES THAT STATE, AND/OR

13  County official(s) FAILED TO PROTECT HIM UNDER

14  DIRECT DANGER OF ASSAULT BY COUNTY SHERIFF(S)

15  DEPUTIES WHILE HOUSED AT MARTINEZ DETENTION

16  FACILITY:

17

18  PETITIONER FURTHER ALLEGES THAT ON 3/20/07

19  HE (MR. DOSS) WAS ASSAULTED BY DEPUTY SHERIFF:

20  CLAWSON — WHEREBY, I (MR. DOSS) WAS BEING

21  ILLEGALLY PLACED IN AD-SEG" AND DISCOVERED

22  OFFICER: RODRIGUEZ AND HOFFMAN HAD KEPT MY

23  PERSONAL HAIR PICK (PRIO F16) — AT WHICH TIME I

24  (DOSS) NOTIFIED DEPUTY LATER IDENTIFIED AS: CLAWSON,

25  IV.    Relief

26      Your complaint cannot go forward unless you request specific relief. State briefly exactly

27  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28  PETITIONER PRAYS FOR THE FOLLOWING RELIEF of —

COMPLAINT                    - 3 -    (continue on page #(4) Four. THEN EXTRA SHEETS (2).—

of THE Following EVENT surrounding any Lost property.

petitioner alleges defendant: Clauson; Replied to I (petitioner) know THE Name of THE officer(s) Responsible; ? I petitioner stated "no" but THAT it was THE Two (2) whom escorted me in / seconds ago at which time Deputy: Clauson, Began to stated THINGS to Don;

petitioner alleges after using THE "intercom" system again to call Deputy: Clauson, back I ask was He (Clauson) going to call THE other Deputies with my (pick); ? Deputy Clauson, Began to Tell me (Doss) He was not calling anyone and to go to sleep and Don't call on THE intercom "no" more;

petitioner alleges after a snort while He call again to Request a sargeant be called at which point Deputy Clauson stated: Don't No "sargeant" Run THIS unit; and THAT He (Clauson) Does, and as Clauson cut off THE monitor He stated Don't call on THE fucking monitor no more.

petitioner alleges waited About (15 minutes) to see if THIS Deputy was going to call a sargeant or not, petitioner pushed His intercom again THIS Time Deputy: Clauson, threatin to break my face if I don't shut up or stop callin, Deputy: Clauson, THEN turned THE intercom off;

continued on:
claim #(1), one.

page #(2) of (5)

petitioner alleges

5 or 10 minutes later, as he (Doss) stood looking out his cell door Deputy: Clawson suddenly appeared in the window holding a gun-type weapon with a red beam on it later identified as a stun-gun, yet seeing this weapon I (Doss) jumped away from the door;

petitioner alleges Deputy: Clawson called on his radio intercom to the D-module control tower and had an unknown Deputy buzz my door open. At which time Deputy: Clawson stepped into my cell DA-18 while still pointing this weapon at me (Doss)

petitioner alleges Deputy: Clawson grabbed me by my throat with his Right hand and violently pushed me (Doss) up against the wall forcing me to hit my head naked against the wall as Deputy: Clawson applied pressure cutting off my breathing: He (Clawson) threatened to beat me up and break my face if I (Doss) touch the intercom button again at which point Clawson released me and ordered me to turn and face the wall and get on my knees and/or cross my legs, as I (Doss) complied Clawson slowly backed out the cell and closed the door;

petitioner alleges He jumped up and began to kick the door violently to get a sergeants attention; which worked but also it brought the (2) officer(s) up whom had my property as they asked what the problem was and I explained this officer(s) both apologized for accidently taking it and stated why Clawson didn't simply call them that would —

Continues Statement Hof
Claim #(1) one.

page #(3) of (5).

HAVE BROUGHT it BACK AND THEY TRULY FORGOT
THEY HAD IT.

HOW EVER, petitioner FURTHER ALLEGES
officer: Claubson, THEN LIED ON A WRITE to
reprisal against me (DOSS) BY Stating:
HE Claubson HAD CALL TO get my property
AND THAT I BEGUN TO Kick THE DOOR FOR
NO REASON which was ALL LIES.

petitioner ALLEGES TO HAVE BEEN DENIED
medical TREATMENT FOR Suffering TO THE
BACK THE HEAD AND a sore neck with REDNESS;
INSTEAD was put IN A Safty cell FOR 15 Hours;

(END of claim #(1) one)

PETITIONER(S) ALLEGES THE SECOND CLAIM
HEREIN "DEAL(S) WITH THE "GRIEVANCE PROCESS"
OR APPEAL(S) PROCESS PRISONER(S) ARE BEING DEPRIVED
OF HERE AT MARTINEZ DETENTION FACILITY THIS IS
DESIGNED TO PREVENT PRISONER(S) FROM EXPOSING
DAILY ASSAULT'S AND MURDER(S) BY THESE OFFICER(S)

PETITIONER ALLEGES HE WAS GIVIN' A "REQUEST
SLIP." (SEE ATTACHED: EXHIBIT # A) AS A FRAUDULENT
"FAKE GRIEVANCE FORM" (SERIAL # DET 024 FORM)
THAT OFFICIAL(S) KNOWINGLY CONTINUE TO PASS OUT AS
A MEAN'S TO DECIEVE PRISONER(S) AND SILENCE OUR
VIOCE(S) AND/OR CRIES FOR HELP THIS ALLOWING OFFICER(S)
TO ASSAULT AND KILL PRISONER AT WILL WITH OUT
ALERTING OFFICIAL(S) THAT IS DESIGNATED TO MONITOR
AUDIT LOG'S AND GRIEVANCE LOG NUMBER(S)

PETITIONER ALLEGES THAT THESE FAKE FORM(S)
ARE NOT BEING LOGGED IN OR EVEN GIVIN' LOG
NUMBER(S) AS PRESCRIBED BY TITLE 15 OF RULES
AND REGULATION(S) THUS THERE IS NO CHAIN OF
COMMAND RESPONSES AS WELL, MAKING IT
EASY TO ANSWER AND DENY OR SIMPLY TRASH
WITH OUT BEING HEARD

PETITIONER FURTHER ALLEGES THAT ITS IS
VIRTUALLY "IMPOSSIBLE" TO EXHAUST IN HOUSE
REMEDIES SO THEE ATTACHED EXHIBIT # A IS THE
FALSE FORM OFFICER(S) CHOSE TO USE AND/OR RESPOND
ON TO ADDRESS ANY OR ALL CONCERNS SO PETITIONER
HAS EXHAUSTED HIS TO THE HIGHEST LEVEL SUPPLIED BY
(SHERIFF: WARDEN RUPF AT (M.D.F)

Claim # (2) Two.

CONTINUE

STATEMENT of Claim.

PAGE (5) of (5).

Claim # (2) Two.

Petitioner alleges that there has been an outrageous amount of "assaults" and/or "murder (s)" of inmates by (Sheriffs) Deputies:

— Murdered Blunt Force Trauma —
1): Derrick McCleary, (36 yrs old) Died: Oct 1st, 2006.
— Murdered Blunt Force Trauma —
2): Steven John Bakkios, (59 yrs old) Died June 17, 0:

3): Leonis Mallique, Suffocated But (Ruled Suicide)

4): Unknown person Suffocated 2 or 3 months ago. (Ruled Suicide.)

⟶ Assaulted ⟵
1) Sean Shield # 2006022400
2) Christopher Howard # 2007005084
3) Ricky Evans
4) Eric Robinson                    13) Randolph Claubon
5) Andrew Moffett                   14) David A. Whippenhiger
6) Donald Brown
7) Eric Hakers
8) Dave Wingle
9) Robert Perez
10) Tokki Buchanan
11) Lafonzo R. Tokner
12) Bryan Strausof
⟶ Witnesses ⟵
1) Walter Baldwin
2) James Hodges
3) Aaron Guiss

many many make victim assaulted and killed and covered up by deception of documents. ⟵

#1):
1    " DAMAGES" IN THE AMOUNT of : # 675,000 .°° FROM

2    DEFENDANT DEPUTY: CLAWSON. - (FOR ABUSE). —

#2): 3    " DAMAGES' IN THE AMOUNT of # 8,000,000 .°° FROM County

4    SHERIFF(s) DEPARTMENT FOR (FAILURE TO protect). —

#3); 5    MENTAL STRESS SUFFERED FROM LIVING UNDER THREAT

6    FOR NEARLY (9 months)" 750,000 .°° FROM County officials)

7    I declare under penalty of perjury that the foregoing is true and correct.

8

9    Signed this _12, TH._ day of _DEC_____, 20 _07,

10

11    Jimmie L. Doss, Jr.

12    (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                              - 4 -

Relief IV. Cont. th.

Continue:

- For Failure to Investigated or Responde to prisoner (s) Complaint(s)

#4): Couet's To Investigate and Interview All prisoner that has Been writen up or Charged for an Alleged Assault on officer using couet Records and disciplinary write up Infraction that will Show make victim(s)

#5): Interview list victim(s) / witnesses Enclosed

#6): Search computer data Audit to see "No" Complaint(s) ever have Been logged in From No prisoner here at in. D.F a yet attached as Exhibit #(A) is any complaint(s) copied and acknowledged By state official.

#7): To Remove the Intire sheriff Dept From controlling and operating (in. D.F) In secret undermining state authority

#8): put grievance / appeal's and correct forms(s) Back In place Requiring log# number(s) and annual reviews to Investigate and Follow up.

#9): Fully active CAMERA(s) and RECORDER(s) to be in place to monitor assaults by officer(s) in Day Rooms, Hall ways, Visiting Rooms, sally ports, ELEVATOR(s), special holding Tank's and safty Cell's to Record Daily and to be kept for 6 month's Alone.

#10): To prosecute each Defendant for abuse and passing off fraudulent documents as "fake grievance" forms to Deprive inmates of their Right to grievance procedure(s) thus allowing Defendant's to silence all prisoner(s) cries for Help.

#11): petitioner ask that the Honorable Court step in to prevent more Death(s) and/or assault from occuring By mean(s) the Court's see or Deam Appropriate to Assure the safty of all those whom "Do" or "Don't" come forward for what ever Reason;

      Thank you sincerely.

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **NORTHERN DISTRICT OF CALIFORNIA**

10    ~~Jimmie L. Doss Jr.~~,
11                        Plaintiff,              CASE NO. _____

12        vs.                                     **PRISONER'S**
                                                  **APPLICATION TO PROCEED**
13    *(Sheriff) Warren Rupf.*                    **IN FORMA PAUPERIS**
14    *Sheriff Dept.*            Defendant.

15

16        I, *Jimmie L. Doss Jr.*, declare, under penalty of perjury that I am the

17    plaintiff in the above entitled case and that the information I offer throughout this application

18    is true and correct. I offer this application in support of my request to proceed without being

19    required to prepay the full amount of fees, costs or give security. I state that because of my

20    poverty I am unable to pay the costs of this action or give security, and that I believe that I am

21    entitled to relief.

22        In support of this application, I provide the following information:

23    1.    Are you presently employed? Yes ____ No  X  *(In prison indigent)*

24    If your answer is "yes," state both your gross and net salary or wages per month, and give the

25    name and address of your employer:

26    Gross: _____ N/A _____ Net: _____ N/A _____

27    Employer: _____ N/A _____

28    _____

PRIS. APP. TO PROC. IN FORMA PAUPERIS            - 1 -

1  If the answer is "no," state the date of last employment and the amount of the gross and net

2  salary and wages per month which you received.  (If you are imprisoned, specify the last

3  place of employment prior to imprisonment.)

4  _BEEN IN prison SINCE (1996)_

5  _____

6  _____

7  2.    Have you received, within the past twelve (12) months, any money from any of the

8  following sources:

9     a.    Business, Profession or                    Yes ___ No _X_

10          self employment

11    b.    Income from stocks, bonds,                 Yes ___ No _X_

12          or royalties?

13    c.    Rent payments?                             Yes ___ No _X_

14    d.    Pensions, annuities, or                    Yes ___ No _X_

15          life insurance payments?

16    e.    Federal or State welfare payments,         Yes ___ No _X_

17          Social Security or other govern-

18          ment source?

19  If the answer is "yes" to any of the above, describe each source of money and state the amount

20  received from each.

21  _____ N/A _____

22  _____

23  3.    Are you married?                             Yes ___ No _X_

24  Spouse's Full Name: _____ N/A _____

25  Spouse's Place of Employment: _____ N/A _____

26  Spouse's Monthly Salary, Wages or Income:

27  Gross $ _____ N/A _____ Net $ _____ N/A _____

28  4.    a.    List amount you contribute to your spouse's support:$ _____ Ø _____

1        b.    List the persons other than your spouse who are dependent upon you for

2            support and indicate how much you contribute toward their support. (NOTE:

3            For minor children, list only their initials and ages. DO NOT INCLUDE

4            THEIR NAMES.).

5        D.D / J.D   (2 - Boys)

6

7    5.    Do you own or are you buying a home?    Yes ____ No ✗

8    Estimated Market Value: $ ____ Amount of Mortgage: $ ____

9    6.    Do you own an automobile?    Yes ____ No ✗

10   Make ____ Year ____ Model ____

11   Is it financed? Yes ____ No ____ If so, Total due: $ ____

12   Monthly Payment: $ ____

13   7.    Do you have a bank account? Yes ____ No ✗ (Do not include account numbers.)

14   Name(s) and address(es) of bank: ____

15   ____

16   Present balance(s): $ ____

17   Do you own any cash? Yes ____ No ✗ Amount: $ ____

18   Do you have any other assets? (If "yes," provide a description of each asset and its estimated

19   market value.) Yes ____ No ✗

20   ____

21   8.    What are your monthly expenses?

22   Rent: $ ____ Utilities: ____

23   Food: $ ____ Clothing: ____

24   Charge Accounts:

25   Name of Account    Monthly Payment    Total Owed on This Acct.

26   ____ $ ____ $ ____

27   ____ $ ____ $ ____

28   ____ $ ____ $ ____ 9.  Do

PRIS. APP. TO PROC. IN FORMA PAUPERIS    - 3 -

1  you have any other debts? (List current obligations, indicating amounts and to whom they are

2  payable. Do not include account numbers.)

3  _____ N/A _____

4  _____

5  10.    Does the complaint which you are seeking to file raise claims that have been presented

6  in other lawsuits?   Yes ____ No ✗

7  Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in

8  which they were filed.

9  _____ N/A _____

10 _____

11         I consent to prison officials withdrawing from my trust account and paying to the court

12 the initial partial filing fee and all installment payments required by the court.

13         I declare under the penalty of perjury that the foregoing is true and correct and

14 understand that a false statement herein may result in the dismissal of my claims.

15

16    12/12/07.                    _____

17    DATE                         SIGNATURE OF APPLICANT

18

19

20

21

22

23

24

25

26

27

28

1

2                                    **Case Number:** _____

3

4

5

6

7

8                            **CERTIFICATE OF FUNDS**

9                                    **IN**

10                        **PRISONER'S ACCOUNT**

11

12        I certify that attached hereto is a true and correct copy of the prisoner's trust account

13  statement showing transactions of _Doss, Jimmie L._ for the last six months

14  at _Contra Costa County-the-Jimmie L. Doss, JR._

15  _Sheriffs' Detention Facility_ [prisoner name] _#2007004034_

16  _martinez County Jail_ where (s)he is confined.

17               [name of institution]

18        I further certify that the average deposits each month to this prisoner's account for the

19  most recent 6-month period were $ _13.00_ and the average balance in the prisoner's

20  account each month for the most recent 6-month period was $ _3.65_.

21

22  Dated: _5-1-07_                _Sheila Dambrise_

23                       [Authorized officer of the institution]

24

25

26

27

28

# CONTRA COSTA DETENTION FACILITIES

## Account Activity

**Fac:** 1    **Account Group:** INMATE    **Account Type:** CASH    **Account #:** 219303

**Name(L,F,M,S):** DOSS, JIMMIE, LEE

**Start Dt/Tm:** 01-01-2007 0000    **Ending Dt/Tm:** 05-01-2007 1012

| Transaction # | Transaction Type | | Transaction Date | Amount | Running Balance |
|---|---|---|---|---|---|
| 1042527 | INTK1 | Approved | 02-21-2007 1557 | $1.00 | $1.00 |
| 1046977 | CNTEEN | | 03-06-2007 0950 | $38.00 | $39.00 |
| 1048288 | MDCOM | | 03-08-2007 1108 | ($33.44) | $5.56 |
| 1061782 | MDCOM | | 04-12-2007 1150 | ($4.10) | $1.46 |

**Transaction Total:** $1.46

**Total Amount by Transaction Type**

| | |
|---|---|
| CNTEEN / INMATE DEPOSITS VIA CANTEEN | $38.00 |
| INTK1 / FACILITY 1 INTAKE FUNDS - Approved | $1.00 |
| MDCOM / COMMISSARY MODULE TRANSACTIONS FOR MDF | ($37.54) |

**Transaction Total:** $1.46

*Handwritten annotations:*

Avg Deposits

feb = $1.00
March = $38.00
April = $0
May = $0 as of 5-1-07
$39.00 ÷ 3 = ($13.00)

n custody date → 2-21-07
do not have six months of transactions

Avg Daily Balance

febeuary = $1.00
March = $6.98
April = $2.96
May = $0 as of 5-1-07
$10.94 ÷ 3 = $3.65





CONTRA COSTA COUNTY
DETENTION FACILITY

( ) INMATE REQUEST FOR INFORMATION   ( ) MEDICAL REQUEST

To:
From:
Date:
Check One:   ( ) Request   ( ) Grievance   ( ) Appeal   ( ) Other
Request:

Date Rec'd:   Rec'd By:
Routed To:
ANSWER:   ( ) APPROVED   ( ) DENIED-(state reason)

By:   Date:
Pink: Kept by Inmate   Yellow: Reply to Inmate   White: To Booking
DET 024: FRM 1/2/91

---

X INMATE REQUEST FOR INFORMATION   ( ) MEDICAL REQUEST

To: _Facility Commander (M.D.F._
From: _Doss J._   _3/20/07_ Bkg# _AUO7004034_
Date: _3/20/2007_ Housing Assignment: _D-#14 Abcde_
Check One:   ( ) Request   X Grievance   ( ) Appeal   ( ) Other
Request: _M.D.F.-Official(s) has continued_
_in/cited provoke or challenge inmates_
_to obtain a justification for pulling their_
_hands or feet on in inmates(s) indular walls(s)_
_while fixing false reports to get inmates_
_must or disciplinary infractions imposed on_
_in state official(s) that adopted this method_
_or practice under rules and policys. Track the_
_frequently used during these lengpage bylaws_
_inmates clothing Tabs so these house and_
_there floor they can do as they want even_
_when in I Degrieves inmates of their rights_
_cause_

Date Rec'd: _____   Rec'd By: _____
Routed To: _____
ANSWER:   ( ) APPROVED   (X) DENIED-(state reason)
_What exactly is your_
_Grievance I do not_
_understand which conditions_
_or issues you are grieving._
By: _Sgt Poss_   Date: _3/26/07_
Pink: Kept by Inmate   Yellow: Reply to Inmate   White: To Booking



EXHIBIT # B

**From:** jacklharrispi@comcast.net
**To:** calimembers@yahoogroups.com (CALI Members)
**Subject:** [calimembers] Abuse at Martinez Jail
**Date:** Tuesday, June 26, 2007 10:48:37 AM

Members: Have received multiple complaints of serious physical abuse to inmates
by deputies at Contra Costa County Detention Facility in Martinez, during last
few months. Complaints include allegations that medical staff afraid to report
abuse. Have been disseminating information to FBI Civil Rights Division in San
Francisco and will be disseminating to a few civil rights attorneys I know.
Please do not consider any such complaints brought to your attention as
isolated, and at least report them to the FBI yourselves. Relying on the
alleged victim to do so is not a good recommended. If you are willing, I would
also like to be informed of such complaints brought to your attention, but this
is up tp you. If in fact, medical staff are afraid to report such abuse, this
matter is well beyond trusting the Sheriff or D.A. That is my opinion for this,
and multiple other reasons. Jack L. Harris, P.I., Lic. No. PI10640,
925-427-0423

[Non-text portions of this message have been removed]

Upcoming Events:
Annual Conference June 28 - 30, 2007

CALI CONCERNS: We want to hear from you! If you have a question,
recommendation or concern about CALI: CALIConcerns@cali-pi.org.
Yahoo! Groups Links

<*> To visit your group on the web, go to:
    http://groups.yahoo.com/group/calimembers/

<*> Your email settings:
    Individual Email | Traditional

<*> To change settings online go to:
    http://groups.yahoo.com/group/calimembers/join
    (Yahoo! ID required)

<*> To change settings via email:
    mailto:calimembers-digest@yahoogroups.com





**Look for the PG&E sticker for big savings on CFLs.**

Find them here.

Home    News    My Town    Sports    Business    Entertainment    Life    Columns    Opinion    Help          Jobs    Cars    Homes

## NewsLibrary

Thank you for using NewsLibrary

# Contra Costa Times (Walnut Creek, CA){PUBLICATION2}

## Family files claim over jail death

March 31, 2007
Section: news
Edition: FINAL
Page: a3
  Bruce Gerstman
Times Staff Writer

A Martinez man died in County Jail because sheriff's deputies used excessive force and failed to send him to a mental health facility, the man's family said in a claim against the county.

The family of 36-year-old Derrick McCrary alleges wrongful death in the October incident in County Jail in Martinez. They seek unspecified damages in the claim, usually the precursor to a lawsuit, filed Thursday.

"Instead of helping this man, they severely hurt him," Martinez attorney Angelo Costanza said in the claim.

Sheriff's department spokesman Jimmy Lee said he had not seen the claim and declined to comment.

Deputies booked McCrary into jail in the early hours of Oct. 1 on suspicion of being under the influence of a controlled substance, the claim says. He appeared paranoid, saying somebody was trying to kill him.

Deputies did not take him to the Contra Costa Medical Center for mental treatment, the claim says.

"He should have been brought to the medical center immediately," Costanza said. "There were a couple more windows to bring him there, and he still wasn't brought there."

A nurse interviewed McCrary for about one minute, but McCrary did not respond to her, the claim says. As deputies brought him to a padded cell, he started yelling irrationally. The nurse recommended that a mental health facility evaluate him later in the morning.

About seven deputies grabbed McCrary and forced his face down on the floor of the cell, the claim says. They handcuffed his wrists and shackled his ankles.

"Excessive force was used, especially in the cell they brought him into," Costanza said.

He was found dead in his cell 45 minutes later.

Reach Bruce Gerstman at 925-952-2670 or bgerstman@cctimes.com.

All content © 2007- Contra Costa Times (Walnut Creek, CA){PUBLICATION2} and may not be republished without permission.





# CONTRA COSTA DETENTION FACILITIES

## Incident Report

|  |  |
|---|---|
| **Incident #:** | 7004116 |
| **Incident Dt/Tm:** | 06-21-2007 1606 |

**Incident Type Code:** 03C    Battery/Staff

**Additional Code 2 :** 100    Use of Safety Cell

---

**Participants:**

| Name (L,F,M,S): | CIN/Book # | Facility | Mod | Sect | Rm | Bed | Inv |
|---|---|---|---|---|---|---|---|
| WITPRACHTIGER, DAVID A. | 70343622 / 2007013401 | 1 | D | B | 11 | A | I |

**Incident Occurred:**

**Fac:** 1              **Mod:** Q              **Sect:**

**Location:** cell 30

**Officer:** 68550, FOREMAN              **Submitted Dt/Tm:** 06-21-2007 1617

**Update By:** 61961, SHIELDS              **Update Dt/Tm:** 06-21-2007 2256

**Supervisor:** 61961, SHIELDS              **Approval Dt/Tm:** 06-21-2007 2252

**Use of force?** Y      **CS Violence?** N      **Inmate Violence?** N      **Contraband?** N

**Facility Damage?** N      **Disciplinary?** Y      **Hearing Required?** Y

**Action Taken:**                    **Approval Action:**

D.R. WRITTEN  #07-16269
SGT. COOK NOTIFIED..

---

# CONTRA COSTA DETENTION FACILITIES

## Incident Report

**Incident Information:**

**Entry Dt/Tm:** 06-21-2007 1609          **Entered By:** 68550 , FOREMAN

**Updated By:**

Narrative: On the above date I was assigned to Q Module with my partner Deputy Griggs.

At approximately 1125 hrs. Deputy Griggs and I heard a very loud bang from the upper tier. Deputy Griggs responded up stairs to the location where he observed the noise.

I remained on the lower tier at this time to supervise I-Gronshorwski who was on free-time.

I could hear Deputy Griggs talking to S-Witprachtiger. Deputy Griggs asked Witprachtiger if he had kicked his door. I could not hear Witprachtiger's response.

At this time I responded to the courtyard to lock the door in order to secure Gronshorwski.

I responded upstairs to further investigate the situation. When I was halfway up the stairs I could hear banging coming from cell 30 where Deputy Griggs responded. When I arrived at the cell Deputy Griggs was yelling at Witprachtiger to stop resisting. I observed Deputy Griggs and Witprachtiger in a physical altercation inside the cell.

As I entered the room Witprachtiger swung in my direction with his right closed fist missing my face by approximately two inches. Witprachtiger then swung again with his left closed fist missing again by approximately two inches.

I grabbed Witprachtiger with my right hand and delivered approximately five closed fist strikes with my left hand to Witprachtiger facial area. Witprachtiger did not seem to be affected by my strikes. The three of us continued to struggle in the cell for approximately one minute.

Deputy Griggs and I finally were able to get Witprachtiger out of the cell. Once outside the cell Deputy Griggs and myself struggled to get Witprachtiger to the floor. Witprachtiger was trying to kick his legs back in the direction of Deputy Griggs and myself. Witprachtiger was using all of his body weight to push against Deputy Griggs and I.

Witprachtiger finally fell to the ground with Deputy Griggs and I on top of him. Witprachtiger continued to struggle trying to free his left arm from my grip and was trying to roll from side to side to free himself from Deputy Griggs and I.

I called for assistance via my portable radio. Deputy Tillman, Slous , and Lujan responded to the module. Responding deputies assisted Deputy Griggs and I with handcuffing Witprachtiger.

I escorted Witprachtiger to intake with Deputy Tillman and Deputy Lujan. While escorting Witprachtiger he tensed his entire body several times in an attempt to stop our movement and attempted to turn around in our direction. We were able to overcome his resistance by pushing him forward. We then continued escorting Witprachtiger to safety cell #2 in intake.

When we arrived in intake Nurse Joy evaluated Witprachtiger and checked his ankle restraints for tightness. Judy cleared him to stay in the facility.

Witprachtiger had several abrasions on his facial area. It should be noted that Witprachtiger already had purple coloring and swelling to his right eye when he arrived at the facility. This can be seen in his booking photo.

Deputy Griggs suffered a contusion to his right eye and swelling in his facial area. Deputy Griggs was transported to the hospital for further evaluation.

Pictures were taken of Deputy Griggs and Witprachtiger. All photos were uploaded to the computer in the Sgt's office and attached to the D.R.

Sgt. Cook was notified of the incident.

# CONTRA COSTA DETENTION FACILITIES

## Incident Report

**Incident Information:**

**Entry Dt/Tm:** 06-21-2007 1803

**Entered By:** 70628 , NELLER

**Updated By:** 61961 , SHIELDS

SUPPLEMENTAL: On 6/21/2007 I was assigned as an escort at the Martinez Detention Facility. At approximately 1300 hours I-Witprachtiger was evaluated by MDF medical staff and sent to County hospital. At approximately 1715 hours I-Witprachtiger was cleared medically and transported back to MDF by myself and Deputy Behrmann. While being escorted into the facility through the vehicle sally port, I-Witprachtiger resisted our efforts by continuously tensing his body and leaning back. Once inside safety cell #2 I-Witprachtiger was ordered to the ground and did not comply. Myself and Deputy Behrmann using rear wrist lock's on each arm forced I-Witprachtiger to the ground. Once on the ground, restraints were placed on his ankles and all deputies left the cell without incident.

I-Witprachtiger sustained no further injuries during the transport or placement in the safety cell.

I-Witprachtiger was placed into safety cell #2 restrained by the ankles due to being a danger to staff and facility.

Nurse Dan checked and approved the restraints.

Sgt Shields was present and approved all actions.

# CONTRA COSTA DETENTION FACILITIES

## Incident Report

**Incident Information:**

**Entry Dt/Tm:** 06-21-2007 1949

**Entered By:** 70614 , RYAN

**Updated By:** 70614 , RYAN

Supplement:

At approximately 1930 hours I-Witprachtiger, David (# 2007013401), was escorted to D-Module. Deputy Behrmann, Neller, Sgt. Shields and I escorted I-Witprachtiger in handcuffs without incident. Deputy Behrmann escorted I-Witprachtiger with his right arm in a rear wrist lock. I escorted him with I-Witprachtiger right arm in a rear wrist lock. We escorted him to cell 11 B on D-Module. Once we started to place I-Witprachtiger in cell 11 B he resisted are commands to get on his knees. I-Witprachtiger tried to pull away from Deputy Behrmann and myself. We forced I-Witprachtiger onto his bunk and then to the floor. Deputy Neller placed I-Witprachtiger into a figure four to get control of him. I-Witprachtiger complied with the rest of our commands to place his arms under his stomach once Deputy Behrmann released his handcuffs. Sgt. Shields brandished the X-26 Tazer and commanded I-Witprachtiger to stay on his stomach until we were out of the cell. I-Witprachtiger rolled over on his back and Sgt. Shields ordered him to roll back over on his stomach. I-Witprachtiger complied with the order to roll over on his stomach until Sgt. Shields exited the cell.

I-Witprachtiger was cleared to be housed on D-Module by classifications, and cleared to be taken off of the safety log by Sgt. Shields. Safety log given to Sgt. Shields.

CC Classifications

Sgt. Shields approved all actions



EXHIBIT #

E #



State of
California
Department of
Consumer
Affairs

Bureau of Security and Investigative Services
P.O. BOX 989002
WEST SACRAMENTO, CA 95798-9002
(916) 322-4000

## PRIVATE INVESTIGATOR

LICENSE NO. PI  10640
RECEIPT NO. 23600165

VALID UNTIL OCTOBER 31, 2008

In accordance with the provisions of
Division 3, Chapter 11.3 of the
BUSINESS AND PROFESSIONS CODE,
the company named hereon is issued a
Private Investigator License Renewal.

HARRIS JACK L PRIVATE INVESTIGATOR

PITTSBURG CA 94565

06
06

----- NON-TRANSFERABLE --- POST IN PUBLIC VIEW -----

WPIPI  03/31/02

1      **DECLARATION OF JACK HARRIS**

2

3      **Superior Court of California**

4      **County of Contra Costa**

5      **Judge Theresa J. Canepa, Department 35**

6

7      **People v. Jimmy L. Doss**

8      **Case No. 05-070625-9**

9

10     **I, Jack Harris, declare as follows:**

11

12     My name is Jack Harris and I am a licensed private investigator in the State

13     of California doing business as Jack L. Harris, Private Investigator, P.O.

14     Box 8493, Pittsburg, CA. 94565, phone/fax 925-427-0423/5423, P.I. Lic.

15     No. PI 10640.

16

17     Some of the information in this declaration is out of the ordinary and may

18     be applicable only to the Sheriff, but because it seems necessary to

19     document this information in the Court file on behalf of the defendant, this

20     has been done.  The responsible prosecuting attorney will be provided by

21     me with a copy of the declaration.

22

23     The Court Order of 7/26/07 appointing me as the defendant's investigator

24     was received in the mail on 7/31/07.  I tried to meet with the defendant at

25     the Martinez Detention Facility on 8/2/07 and was informed by a Sheriff's

26     Office Aide that my authorization to meet with inmates was stopped on

1   6/28/07. I was informed on 8/3/07 by Capt. Kitty Parker that she stopped

2   my authorization to meet with inmates at the Martinez Detention Facility

3   because of the content of the attached private email of 6/26/07 from me to

4   the California Association of Licensed Investigators. Capt. Parker

5   informed me on 8/6/07 that she would be providing me with written

6   explanation regarding this decision, this having not yet been received. The

7   defendant had also informed me by public phone on 8/6/07 that he was not

8   able to use the Pro Per Phone, and I relayed this information to Capt. Parker

9   on 8/6/07 with the explanation that the defendant told me he had been

10   denied access to the "code" required to use the Pro Per Phone. The next

11   phone call received from the defendant was on 8/12/07, with the use of the

12   Pro Per Phone, and the defendant reporting that this was the first time he

13   had been allowed to use the Pro Per Phone since his last appearance in

14   Court during th week of 8/6-10/07.

15

16   During the phone call from the defendant on 8/3/07, he informed me that the

17   Court was in possession of the police reports regarding this case for pickup

18   by me, and if this is accurate, these reports will be picked up on or soon

19   after 8/13/07.

20

21   During the phone call from the Defendant on 8/3/07, he informed me that

22   his trial is set for 8/14/07, but that he intended to ask for a postponement. I

23   had previously informed the defendant that I would need at least 60 days

24   from the date of my notification of Court approval as his investigator, which

25   was expected sooner than 7/26/07, and now because of the delays described

26   in this declaration, ask that the Court postpone the trial until at least

Declaration of Jack Harris     Page 2 of 7

1    10/15/07. I am also scheduled for a pre-paid and reserved vacation out of

2    the State on 9/29/07 though 10/12/07.

3

4    I can perform most of the work regarding this case with only phone

5    communications with the defendant. When a meeting with the defendant is

6    necessary, I will make such a request of the Court and the defendant, and

7    provide an explanation. Capt. Parker is adamant that I cannot come into the

8    Martinez Detention Facility, and therefore my suggestion is that my

9    meeting(s) with the defendant be arranged between the Court and the

10   Sheriff's Office to be held at the Court, the Public Defender's Office, or

11   another suitable location.

12

13   During phone contact with Capt. Parker on 8/3/07, it was my understanding

14   that my clearance to meet with inmates at the Martinez Detention Facility

15   was stopped by her because I did not trust the Sheriff and D.A., because I

16   should have referred the inmate abuse allegations to the Sheriff's Office for

17   investigation, because I had written in the email that medical staff were

18   allegedly afraid to report such allegations to the Sheriff's Office, and

19   because she would not know whether or not I was "drumming up business"

20   at the detention facility, the latter statement being understood to mean that I

21   had to have a way to assure her that I was not coming into the detention

22   facility to investigate the allegations of abuse rather than the defendant's

23   case.

24

25   During phone contact with Capt. Parker on 8/6/07, it was my understanding

26   that she did not care about my distrust of the Sheriff and D.A., that she

Declaration of Jack Harris          Page 3 of 7

1    thought I should have been professional enough to report the allegations to

2    the Sheriff for investigation, and that I was definitely not going to be

3    permitted access to the defendant at the Martinez Detention Facility. I

4    asked Capt. Parker for the specific reason for this, and for the first time, she

5    responded that this was necessary in order to prevent problems between the

6    staff and inmates. I respect and understand the latter reason, if there is

7    actually a potential risk of such conduct, but such reasoning has no apparent

8    basis for which I am at fault. I have explained most of the following

9    information to Capt. Parker.

10

11    Several months ago during a meeting with a client at the Martinez Detention

12    Facility regarding an unrelated criminal defense case, the client alleged

13    instances of physical abuse by deputies at the Facility, and that complaints

14    of such abuse made to Facility staff were ignored. Being a retired police

15    officer in the County, and having been a defense investigator in criminal

16    defense cases for several years, I informed the client that I had heard no

17    prior allegations of such abuse. The client was adamant that the alleged

18    abuse was serious, and even then I thought the client was possibly

19    exaggerating and even possibly paranoid. Nevertheless, I told the client that

20    if he heard of such allegations in the future, he could ask the complaining

21    parties to write or call me. I did not expect the written and verbal allegations

22    that have thus far been received, nor the apparent lack of confidence in

23    Facility staff to investigate the allegations. I therefore forwarded the

24    complaints to the FBI and discussed the matter with a civil rights attorney,

25    these actions having been requested by some of the complaining parties, and

26    also having been considered necessary by me regarding the safety of the

Declaration of Jack Harris          Page 4 of 7

1   inmates should abuse actually be occurring. I have received no money for

2   my work regarding this matter, money has not been a consideration or

3   motivating factor, and I have acted based solely on the seriousness of the

4   allegations that have been made. My postings to the California Association

5   of Private Investigators (CALI) private website regarding this matter have

6   been for the purpose of alerting members to the allegations, obtaining

7   additional information regarding the allegations, and for the purpose of

8   thwarting abuse that may be occurring by announcing to CALI that such

9   allegations have been made. I am not passing judgement based on these

10  allegations, but I cannot ignore them, and assertions by the complaining

11  parties that they do not trust the Facility staff regarding their complaints.

12

13  Capt. Parker's concerns about my presence in the Detention Facility have no

14  apparent basis. I have not previously and have no intention of interviewing

15  anyone at the Detention Facility regarding allegations of abuse, nor have I

16  interviewed anyone else outside the Detention Facility regarding such

17  allegations. My meetings with inmates are in private settings and I have

18  never been in a situation where I had access to multiple inmates, nor do I

19  expect that such access will be permitted in the future. To the best of my

20  recollection I have been inside the Martinez Detention Facility twice in the

21  last year, to meet with the same client, this client now being incarcerated at

22  California State Prison Solano in Vacaville. To the best of my knowledge I

23  am not easily seen nor known by inmates at the Martinez Detention Facility.

24  My own distrust of the Sheriff and D.A. regarding this matter is based on

25  having worked in and retired from the Pittsburg Police Department and

26  Contra Costa County D.A.'s Office, where I suspected and witnessed

Declaration of Jack Harris          Page 5 of 7

1    suspected criminal activities by law enforcement personnel, where such

2    activities and their potential did occur, and were ignored by the Sheriff and

3    D.A., such ignorance having resulted is serious crimes by law enforcement

4    officers in this County afterward.

5

6    Capt. Parker's concern about problems between inmates and staff as a result

7    of my presence inside the Detention Facility has no basis, unless Capt.

8    Parker and/or others perpetuate such problems. Such problems regarding

9    this matter seem unlikely, but considering such a possibility, would be more

10   likely from restricting communications than permitting them, and from

11   spreading rumors about this situation. During my phone conversation with

12   the defendant on 8/6/07, he informed me that a staff member told him that

13   his investigator had been "barred from the jail". I had not previously

14   informed the defendant of this, and Capt. Parker has informed me that she

15   told no one about this decision. Capt. Parker's concern above is a serious

16   one, if accurate and it has a basis, and yet she has made no known written

17   notification to me regarding this matter, despite her stopping my client

18   meeting privilege at the Detention Facility on 6/28/07.

19

20   Regarding Capt. Parker having reportedly stopped my meeting access with

21   clients at the Detention Facility effective 6/28/07, I received a phone call

22   from Sheriff's Aide Ernesto Lara on 7/25/07 asking if I was a licensed

23   private investigator, and indicating that this information was needed relative

24   to being the defendant's investigator. I then faxed the attached information

25   to him at his request, these documents having previously been faxed to

26   Judge Mary Ann O'Malley on 7/19/07 at the request of the defendant, and

Declaration of Jack Harris        Page 6 of 7

1    after there was already some delay in me being appointed as his

2    investigator. Aide Lara did not inform me then that my client meeting

3    privilege at the Detention Facility had already been stopped. On 8/3/07,

4    Aide Lara referred me to Capt. Parker regarding this privilege being

5    stopped. Capt. Parker has informed me that she had no knowledge of Aide

6    Lara phoning me on 7/25/07 as reported above. I have never received a

7    phone call from Detention Facility personnel to verify my license status, this

8    information being accessible and current on the California Department of

9    Consumer Affairs, Bureau of Security and Investigative Services (BSIS)

10   Web Site or through phone contact with BSIS, and such information having

11   previously and  consistently been validated by the Superior Court

12   Department responsible for the particular case.

13

14   **I certify under penalty of perjury in accordance with the laws of the**

15   **State of California that the foregoing is true, correct, and accurate to**

16   **the best of my knowledge.**

17

18   **Signed:**                                    **Dated: August 13, 2007**

19

20   attachments: email to CALI and fax to Judge M. O'Malley/Aide E. Lara

21

22

23

24

25

26

Declaration of Jack Harris            Page 7 of 7



EXHIBIT

#

F



**OFFICE OF THE SHERIFF**

Contra Costa County
**Custody Services Bureau**
**1000 Ward Street**
**Martinez, California 94553**
**(925) 335-4647**

**Warren E. Rupf**
**Sheriff**

**George M. Lawrence**
**Undersheriff**

Jack Harris
P.O. Box 8493
Pittsburg CA 94565-8493

Dear Mr. Harris;

This letter is to serve as official notice that your clearance into the Sheriff's Office Detention Facilities has been revoked.

As a licensed private investigator you were cleared to enter the Main Detention Facility (MDF) to assist pro-per inmates. It is apparent by your e-mails, and your phone calls to me, that you are using your clearance into the MDF as a means to solicit inmates and staff to file claims of abuse against the Sheriff's Office. Your covert actions are of a deep concern to me as it relates to the safety and security of the Facility. Your irresponsible behavior could result in the violent behavior of inmates toward staff.

You may consider this matter closed. I request you no longer call me as I find your demeanor to be hostile and unprofessional.

Very Truly Yours,

Kathleen J. Parker, Captain
Custody Services Bureau

RECEIVED 8/13/07

Cc:   Commander Joseph P. Caruso

HONOR    .    COURAGE    .    COMMITMENT    .    LEADERSHIP    .    TEAMWORK

1



EXHIBIT

#

G

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

May 25, 2007

Jimmie Doss, #2007004034
Martinez Detention Facility
901 Court Street
Martinez, CA 94553

Dear Mr. Doss:

The Office of the Inspector General has received your correspondence.

After reviewing your correspondence, we determined that the Office of the Inspector General
does not have any jurisdiction over your issues. The Office of the Inspector General is an
independent government agency established by law. Our primary responsibility is the
independent oversight of California's youth and adult correctional agencies, including the
California Department of Corrections and Rehabilitation, the Board of Parole Hearings, the
Corrections Standards Authority and the Prison Industry Authority. The agency cited in your
complaint is not included in our jurisdiction.

The Office of the Inspector General considers this matter closed. Thank you for bringing your
concerns to our attention.

Sincerely,

ELIZABETH HAWKINS
Deputy Inspector General

EH:sr:07-0005496-01



EXHIBIT #

H.

ame _Timmie L. Doss JR._

ddress _901 Court Street_

_Martinez, California, 94553._

MC-275

DC or ID Number _#2007004134_

_Contra Costa County_
_Superior Court_
(Court)

_Timmie L. Doss, Jr._
'etitioner

vs.

_Warren Rupf, "(Sheriff Chief)"(m.o.e)_
Respondent _Commander: Carousel_ _(m.o.r)_

PETITION FOR WRIT OF HABEAS CORPUS,
CASE#                          FILED:
                    /May 9, 2007.
No. ___070728-1___
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

**PETITION FOR WRIT OF HABEAS CORPUS**

THOMSON

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

**This petition concerns.**

☐ A conviction          ☐ Parole

☐ A sentence            ☐ Credits

☒ Jail or prison conditions   ☐ Prison discipline

☐ Other *(specify):* _____

1. Your name: _Jimmie L. Doss, Jr._

2. Where are you incarcerated? _MARTINEZ DETENTION FACILITY / 901 court st. MARTINEZ. CA._

3. Why are you in custody? ☒ Criminal Conviction   ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robber, use of a deadly weapon").

_(ALLEGED) Robbery 2ND DEGREE._

b. Penal or other code sections: _(211-p.c)_

c. Name and location of sentencing or committing court: _MARTINEZ MUNICIPLE COURT CONTRA COSTA COUNTY — 1020, WARD st, — MARTINEZ, CA_

d. Case number: _____

e. Date convicted or committed: _STILL PENDING —_

f. Date sentenced: _N/A._

g. Length of sentence: _N/A._

h. When do you expect to be released? _N/A._

i. Were you represented by counsel in the trial court? ☐ Yes. ☒ No. If yes, state the attorney's name and addres _N/A (IN PRO-PER)_

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have? _N/A._

☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☒ Awaiting trial

GROUNDS FOR RELIEF

**round 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal nhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. or additional grounds, make copies of page four and number the additional grounds in order.)*

I (MR. DOSS) IS IN IMMINENT DANGER FROM PASS ASSAULTS INFLICTED ON ME AS WELL AS MANY OTHER INMATES THAT HAS, AND CONTINUE TO BE "VICTIMIZED", AND/OR ASSAULTED" AS WELL AS DENIED "THE RIGHT TO GRIEVANCE,"

. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

- Petitioner:

ALLEGES THAT HE (MR. DOSS) WAS "ASSUALTED" ON DIFFERENT INCIDENTS ⤸

INCIDENT #(2) WAS ON FEB 23, 2007 ⤸ INVOLVING DEPUTY: MARTINEZ, of TRANSPORTATION HERE (M.D.F)

- Petitioner:

FURTHER ALLEGES HE (MR. DOSS) WAS WALKING BACK FROM COURT "SHACKLED" TO THE WAIST AND AS MANY INMATES) WAS FILING THROUGH THE SALLY PORT, PETITIONER CLAIMS DEPUTY "MARTINEZ", PHYSICALLY SNATCHED PETITIONER BY THE BACK of THE WAIST CHAIN AND BACK of THE NECK AS HE (MARTINEZ) SLAMMED ME (MR. DOSS) INTO THE WALL CAUSING ME (MR. DOSS)

— CONTINUE ON ATTACH SHEET—

. Supporting cases, rules, or other authority (optional):   — (3) THREE pages —
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

CONTINUE + AM GROUND (1), ONE 7A) SUPPORTING FACTS;

HACK(2),
Not(3).

To Hit THE WALL FACE FIRST AND/OR PUSS

my LOWER pakt UNDER my (mR. DOSS) LEFT EYE,

petitioners:

FURTHUR ALLEGES DEPUTY: MARTINEZ,
DRAGGED Him (mR. DOSS) ALONG THE WALL, CONTINUING
TO "scRAp" my LEFT SIDE of my FACE AS I WAS
YANKED VIOLENTLY AND PUSHED INTO A Visiting Room
HOLD LEFT TO Sit WITH SHACKLES Still ON FOR NEARLY
A HOUR OR So;

petitioner: WAS DENIED MEDICAL TREATMENT
BY DEPUTY: MARTINEZ, AND UNKNOWN HOST of OTHER

EACH INMATE IN THE SALLY PORT SEEN AND WITHIN
THIS INCIDENT,
(The End of Incident #1)

CLAIM #2).

petitioner ALLEGES
THAT OFFICER: CLAWSON, of (M.D.F.) ASSAULTED
mE (mR. DOSS) ON MARCH 19, 2007.
petitioner ALLEGES THAT HE WAS PLACED IN
"AD-SEG" FOR REPRISAL of CONTINUING Litigation AgAINST
OFFICIAL's, ON MARCH 19, 2007, SOMETIME THAT Night AFTER
DISCOVERING my PERSONAL HAIR pick WAS MISSING BY
DEPUTY: RODRIGUEZ, I (mR. DOSS) INFORMED AN UNKNOWN
DEPUTY LATER IDENTIED AS of: CLAWSON, of THE FollowN

Continue, ground (1), ¬ A). supporting, Facts,

Hall
2) of 3).

whom wasn't attempting to contact these
official(s), or a unit Sargeant,

So after nearly close to an hour of waiting,
I (Mr. Doss) pushed the button to activate the
entercom, in which deputy: Clawson, answered
using "profantities" and threatining to harm me
if I push the button again,

At this I my (Mr. Doss) Respectfully asked
again to speak to a Sargeant after a while
Deputy: Clawson, appeared at my cell door,

petitioner alleges
After doing so, Deputy: Clawson,
exhibited a gun type weapon through the door
window, which forced me (Mr. Doss) to jump away
from the door, ¬ as I did so, Deputy: Clawson
had another deputy (unknown) buzz my cell
door open as he (Clawson) stepped into the
cell pointing the device identified as a stun-gun
with a red-beam on it directly in my face as
he Deputy: Clawson, grabed me by my throat
pushing me hard against the wall making me
hit my head as he Clawson, continued to choke
me while shouting "Don't fucking touch this button or
I (Clawson) will beat your face up," and Sargeant's
Don't run this (module-D) that he Clawson, do.

petitioner futher alleges that this deputy then ordered
me (Mr. Doss) to kneel down on my knees and face

Continue ground (. one - A) Supporting Facts,

HACN of (3)

THE WALL, plus CROSS my LEGS OVER EACH OTHER, / AS I complied, THIS DEPUTY (CLAWSON), BACK out of THE CELL AND CLOSED THE DOOR, ↪ AFTER DOING SO I (unk. DOSS) JUMPED up AND STARTED KICKIN' THE DOOR To ALERT OTHER staff's, AND/or SARGEANTS, ↪ At WHICH TIME NUMEROUS officers ARRIVED wondering WHAT was wRong wITH ME, I EXplAIned wHAT HAD occured officer: RODRIGUEZ, gAVE my pick BACK AND StAted CLAWSON NEVER CALLED HIM (officer) ABOUT AND if HE WOULD HAVE KNOWN HE WOULD'VE BROUGHT IT BACK To me. ↪

I (MR. DOSS) WAS ORDERED TO BE put INTo INtAKE HOLDING TANK TO FURTHER HIS REPRISAL ALSo AFFORDED "NO" MEDICAL ATTENtion FOR THE wound on my HEAD BY Sgt. SCHULER, RoybAL, CLAWSON, EtC...

petitioner ALLEGES officers operating UNDER SHERIFF: wARREN/ Rupp, AND/or cAptAINs As WELL As CommANDER: CARousER, wHom IS VERY AwARE of THESE ASSAULT(s) To ME AND/or 100's of oTHER INmATES OVER yeARS, DAYS, AND monTHs wHEREby THESE officiAL(s) pAss out FALsified StAte DocumENts To DEprive ALL of us of our RiGHt's To GRIEVANCE appEAL's, ↪ simple DET 024 / FRM-Request slip's ARE FRUADULENtHy pAssED out To KEEP us INmAtes FRom Filing 602 TitLe 14 GRIEVANCES THAt will BE LogED IN As RECORD's THAt will mAKE THESE ASSAULt's ALARming. ↪

(GROUND #2) oF (2)    Ground _____ (if applicable):

PETITIONER(S) RIGHT TO A "GRIEVANCE APPEAL" WAS
OBSTRUCTED BY OFFICER'S FRUADULENTLY PASSING OFF
MEDICAL REQUEST SLIPS: DET 025 FRM/ FORMS, MAKING
PRISONER'S BELEAVE THEY ARE "602 GRIEVANCE" FORMS USE:

a. Supporting facts: BY STATE TITLE 14. WHICH FORCE DEPUTIES TO LOG THE

PETITIONER ALLEGES: THAT OFFICER(S) HERE AT (M.D.F.
IS UTILIZING: "MEDICAL REQUEST SLIPS," NAMED: -
- DET 025 FRM, (FORMS) THAT LACK LOG NUMBER'S
AND/OR CHAIN OF COMMAND LEVEL RESPONSE(S) TO
TRACK OR AUDIT FACILITY CONDUCT, PLUS TO ALLOW
PRISONER(S) TO EXHAUST ALL POSSIBLE REMEDIES,

PETITIONER FURTHER ALLEGES BY OFFICIAL(S) OPERATIN
UNDER: SEC TITLE 14, GOVERN BY DEPT OF CORRECTION
IT IS A FEDERAL VIOLATION TO PASS OFF FALSE
DOCUMENTS TO DEPRIVE US INMATES OF A VIOCE FOR
HELP, DUE TO THIS FALSE DOCUMENT NOT HAVING
LOG # NUMBER(S) IT EASY FOR OFFICER(S) TO SIMPLY
CIRCUMVENT OUR ALLEGE GRIEVANCE SLIPS BACK AND
FOURTH WITHOUT RESPONDING OR THE APPEAL GOING
UP THE CHAIN OF COMMAND TO ALERT HIGHER OFFICIAL(S)
THIS COURT HAS BEEN RECIEVING MANY COMPLAINTS, THAT

b. Supporting cases, rules, or other authority: CONTINUE ON ATTACH
— (1) PAGE. —

point to many assault victims HERE at (M.D.F) This is "not" a conspiracy Inmate(s) are Just making up.

petitioner Alleges That a Check or an Investigation Into The Logs of yearly filed grievance Here At (M.D.F) will Show "No" grievance(s) Logged In The "Computer system" For not only Days But months, years Back. Here Are Name's of prisoner(s) Assaulted By the same Deputies and/or many other(s) Here At (M.D.F)

#1). CHRISTOPHER Howard/
#2). SEAN/ SHIELDS
#3). ANDREW moffett
#4). Ricky EVANS
#5). Lee otis mollique - (killed up At m.D.F)
#6). ERIC Robinson

Each Is African/ American Inmates assaulted Different Time By All Named Below:
ofc: CLAWSON, ofc: CORRAN, ofc: BLACK, sgt: KATZ, sgt: SCHULER, sgt: ROYBAL, ofc: GUZMAN, ofc: MARTINEZ, ofc: HOFFMAN, ofc: HOFFMAN (older one), ofc: IMHOFF, sgt: EVANS, AND A HOST of other one's UNIDENTIFIED, BUT CAN BE Found. plus Deputy Is Noted That They Justifie These Assault's By writing prisoner up For untrue FABERCATED Lies, which HAS Brought F.B.I, Families In

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

b. Result ______ c. Date of decision: ______

d. Case number or citation of opinion, if known: N/A

e. Issues raised: (1) ______

(2) ______

(3) ______

f. Were you represented by counsel on appeal? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

9. Did you seek review in the California Supreme Court? ☐ Yes ☒ No. If yes, give the following information:

a. Result ______ b. Date of decision: ______

c. Case number or citation of opinion, if known: N/A

d. Issues raised: (1) ______

(2) ______

(3) ______

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

N/A

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

[illegible]

b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.

*Attach documents that show you have exhausted your administrative remedies.*

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☒ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____

   b.  Result _____  c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

           (2) _____

           (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☒ No.   If yes, give the following information:

   a.  Result _____  b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

           (2) _____

           (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

   b.  Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

er than direct appeal, have you filed any oth.. etitions, applications, or motions with respect his conviction, mitment, or **issue** in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

(1) Name of court: _____

(2) Nature of proceeding (for example, "habeas corpus petition"): _____

(3) Issues raised: (a) _____

(b) _____

(4) Result *(Attach order or explain why unavailable):* _____

(5) Date of decision: _____

(1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result *(Attach order or explain why unavailable):* _____

(5) Date of decision: _____

*For additional prior petitions, applications, or motions, provide the same information on a separate page.*

y of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
_____
_____

ain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) al.2d 300, 304.)
_____
_____

ou presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:
_____

ou have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:
_____

petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
_____
_____

ersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to ters, I believe them to be true.

▶

_____
(SIGNATURE OF PETITIONER)