SILVANO B. MARCHESI (SBN 42965)
County Counsel
BERNARD KNAPP (SBN 111720)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, 9th Floor
Martinez, California 94553
Telephone: (925) 335-1800
Facsimile: (925) 335-1866
Electronic mail: bknap@cc.cccounty.us

Attorneys for Defendants
CONTRA COSTA COUNTY SHERIFF'S DEPT.,
WARREN RUPF, K. PARKER
and DEPUTY CLAWSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE L. DOSS,<br><br>    Plaintiff<br><br>v.<br><br>WARREN RUPF, et al.,<br><br>    Defendants. | No. C 07 - 06484 JSW (PR)<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT<br><br>JURY TRIAL DEMANDED |

Defendants CONTRA COSTA COUNTY SHERIFF'S DEPT., WARREN RUPF, K. PARKER, AND DEPUTY CLAWSON answer plaintiff's complaint filed in this action December 27, 2007 ("complaint") as follows:

1. Answering "Part I" of the complaint, relating to exhaustion of administrative remedies, defendants and each of them deny each and every allegation made in said Part.

2. Answering "Part II" of the complaint, defendants and each of them admit the plaintiff in this action is Jimmie Doss, and further admit as follows:

a) Defendant Warren Rupf ("Rupf") is the Sheriff-Coroner of Contra Costa County

---

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT — C 07- 06484 JSW (PR)

1  ("Sheriff's Department").

2     b) Defendant K. Parker ("Parker") is an employee of the Sheriff's Department, and
3  holds the rank of Captain.

4     c) Defendant Deputy Clawson ("Clawson") is an employee of the Sheriff's Department,
5  and holds the rank of Sheriff's Deputy.

6     d) The Martinez Detention Facility ("MDF") is a county jail operated by the Sheriff's
7  Department at 1000 Ward Street, Martinez, CA, 94553.

8     e) On March 19, 2007, plaintiff Doss was confined in a cell on "D Module" of the
9  MDF, and for part of the day on that date, Deputy Clawson was on duty in "D Module."

10    f) On March 19, 2007, after plaintiff Doss behaved disruptively in his locked cell
11 despite verbal warning by Deputy Clawson he would be removed from the module if he
12 continued to do so, plaintiff Doss was removed from "D Module" and taken to "Intake" at the
13 MDF. Defendants and each of them specifically deny Deputy Clawson entered plaintiff's cell
14 or used physical force on plaintiff at any time in connection with the events alleged in this
15 subparagraph "f".

16    Further answering said "Part II" of the complaint, except as specifically admitted and
17 denied above, defendants and each of them deny each and every allegation of said Part II.

18    3. As to each and every remaining allegation of the complaint not answered above in
19 this answer, defendants and each of them deny each and every such remaining allegation.

## AFFIRMATIVE DEFENSES

21    1. Defendants and each of them allege that in connection with acts alleged in the
22 complaint, they and each of them acted reasonably and pursuant to mandatory duties which
23 they and each of them carried out in good faith and with reasonable diligence, and for that
24 reason defendants and each of them are immune from suit.

25    2. Defendants and each of them allege plaintiff's action is barred, wholly or in part, by
26 applicable limitation provisions, including but not limited to sections 335.1 and/or 340 of the
27 California Code of Civil Procedure.

28    3. Defendants and each of them allege that any and all of the acts or omissions alleged

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT — C 07- 06484 JSW (PR)

against them in the complaint are the acts and omissions of agencies and officers of the State of California acting in their official capacities, and that defendants and each of them are therefore immune from suit for damages under the 11th Amendment to the United States Constitution.

4. Defendants and each of them allege the injury, if any, to plaintiff as alleged in the complaint was solely caused by the exercise of prosecutorial discretion, and that they and each of them are therefore absolutely immune from suit.

5. Defendants and each of them allege plaintiff has failed to mitigate his damages, and said damages are reduced or eliminated in proportion to said failure to mitigate.

6. Defendants and each of them allege plaintiff has failed to exhaust administrative remedies, and his claims are barred thereby.

7. Defendants and each of them allege plaintiff's action is barred by the equitable doctrines of laches, estoppel, and waiver, in that plaintiff has unreasonably delayed in taking action and/or making the claims alleged in this lawsuit with respect to the events alleged in the amended complaint, even though he knew or should have known in the exercise of reasonable diligence of the injuries and causes of injuries alleged in the amended complaint.

8. Defendants and each of them allege that at all relevant times alleged in the amended complaint, they and each of them acted reasonably and in good faith under all the circumstances known to them, and not in violation of any clearly established right of plaintiff of which a reasonable public official in their position would have been aware, and the individual defendants and each of them are therefore qualifiedly immune from suit herein.

9. Defendants and each of them allege that at all relevant times and in connection with all the allegations against them in the amended complaint, plaintiff acted unjustly and inequitably, and his action against said defendants is therefore barred by the doctrine of unclean hands.

WHEREFORE, defendants and each of them pray that the action against them be dismissed, and for an award to all and each of them their costs, reasonable litigation expenses,
//

1  and attorney fees, and for all other relief justice requires and the law allows.

2  <center>JURY TRIAL DEMAND</center>

3  Defendants and each of them hereby demand trial by jury in this action.

4  DATED: May 29, 2008                SILVANO B. MARCHESI
                                       COUNTY COUNSEL

6                                      By: _____
7                                          BERNARD KNAPP
                                           Deputy County Counsel
                                           Attorneys for Defendants
8                                          CONTRA COSTA COUNTY SHERIFF'S
                                           DEPT., WARREN RUPF, K. PARKER and
9                                          DEPUTY CLAWSON

---

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT — C 07- 06484 JSW (PR)

4

PROOF OF SERVICE

**Re:**   *Jimmie L. Doss v. Warren Rupf, et al.*
**Contra Costa Superior Court No. C 07 - 06484 JSW pr**

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Office of the County Counsel, 651 Pine Street, 9th Floor, Martinez, CA 94553-1229. My electronic notification address is pwebb@cc.cccounty.us. On May 30, 2008, at _____ I served the following document(s) by the method indicated below.

1. DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

☐ By fax transmission on this date from fax number (925) 335-1866 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct. 2.301(3).

☑ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Martinez, California addressed as set forth below. I am readily familiar with Office of County Counsel's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐ By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ By personally delivering the document(s) listed above to the person(s) and at the addresses listed below.

☐ By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ By electronically transmitting from electronic notification address pwebb@cc.cccounty.us a true copy of the above-referenced document(s) to LexisNexis File & Serve at www.LexisNexis.com for electronic delivery upon counsel for the parties as listed below and as listed on the attached transaction receipt(s). The transmission was reported as complete and without error.

Jimmie L. Doss                          Plaintiff
200 7004034
901 Court Street
Martinez, CA 94553

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on May 30, 2008, at Martinez, California.

_____
PAULA WEBB

PROOF OF SERVICE